# Exhibit "A"
# Summons and Complaint

# Exhibit "A"
# Summons and Complaint

FILED: KINGS COUNTY CLERK 05/13/2022 03:00 PM
NYSCEF DOC. NO. 1

INDEX NO. 514087/2022
RECEIVED NYSCEF: 05/13/2022

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-------------------------------------------------------------------X
LORENZO ROGUCKI,

                    Plaintiff(s),

-against-

DURO TRUCKING LLC, and ELWYS CHAVARRIA-
PALOMINO,

                    Defendant(s),
-------------------------------------------------------------------X

FILED:
INDEX NO:

**SUMMONS**

Plaintiffs designate
Kings County
as the place of trial.

The basis of venue is:
Plaintiff's Residence

TO THE ABOVE-NAMED DEFENDANTS:

      **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, to, if the complaint is not served with the summons, to serve a notice of appearance, on the plaintiff's attorneys within twenty (20) days after the service of this summons, exclusive of the day of service (or within thirty (30) days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded herein.

Dated:  New York, New York
         May 13, 2022

The nature of this action is for injuries sustained as a result of the defendant's negligence. The relief sought is monetary damages.

                                    LIAKAS LAW, P.C.

                                         /s/

                                BY: Dean N. Liakas, ESQ.
                                *Attorney for Plaintiff*
                                65 Broadway, 13th Floor
                                New York, New York 10006
                                (212) 937-7765

Failure to respond, a judgment will be against you, by default and interest from December 2, 2021.

**Defendant's Address:**
DURO TRUCKING LLC
575 N. MIDLAND AVE
SADDLE BROOK, NJ 07663

**ELWYS CHAVARRIA-PALOMINO**
34A IOZIA TERRACE
ELMWOOD PARK, NJ 07407

FILED: KINGS COUNTY CLERK 05/13/2022 03:00 PM
NYSCEF DOC. NO. 1

INDEX NO. 514087/2022
RECEIVED NYSCEF: 05/13/2022

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
---------------------------------------------------------------X
LORENZO ROGUCKI,

                Plaintiff(s),

    -against-

DURO TRUCKING LLC, and ELWYS CHAVARRIA-PALOMINO,

                Defendant(s),
---------------------------------------------------------------X

FILED:
INDEX NO:

**VERIFIED COMPLAINT**

Plaintiff, by his attorneys, **LIAKAS LAW, P.C.**, as and for this Verified Complaint, respectfully allege, upon information and belief:

1. That Plaintiff, **LORENZO ROGUCKI**, at all times herein mentioned, was and still is a resident of the County of Kings, City and State of New York.

2. That at all the times hereinafter alleged, and upon information and belief, the Defendant, **DURO TRUCKING LLC,** was a company organized and existing under and by virtue of the laws of the State of New York.

3. That at all of the times hereinafter mentioned, and upon information and belief, the Defendant, **DURO TRUCKING LLC,** maintained a principal place of business in the State of New York.

4. That at all the times hereinafter alleged, and upon information and belief, the Defendant, **DURO TRUCKING LLC,** was and still is a domestic corporation organized and existing under and by virtue of the laws of the State of New York.

5. That at all the times hereinafter alleged, and upon information and belief, the Defendant, **DURO TRUCKING LLC,** was and still is a foreign corporation authorized to do business under and by virtue of the laws of the State of New York.

FILED: KINGS COUNTY CLERK 05/13/2022 03:00 PM
NYSCEF DOC. NO. 1

INDEX NO. 514087/2022
RECEIVED NYSCEF: 05/13/2022

6. That at all times hereinafter mentioned, and upon information and belief, the Defendant, **DURO TRUCKING LLC,** conducted and carried on business in the State of New York.

7. That at all times hereinafter mentioned, and upon information and belief, the Defendant, **DURO TRUCKING LLC,** transacted business within the State of New York.

8. That at all times hereinafter mentioned, and upon information and belief, the Defendant, **DURO TRUCKING LLC,** derived substantial revenue from goods used or consumed or services rendered in the State of New York.

9. That at all times hereinafter mentioned, and upon information and belief, the Defendant, **DURO TRUCKING LLC,** expected or should have reasonably expected its acts to have consequences in the County of Kings, City and State of New York.

10. The Defendant, **ELWYS CHAVARRIA-PALOMINO**, at all times herein mentioned was and still is a resident of the State of New Jersey.

11. On or about December 2, 2021, the Defendant, **DURO TRUCKING LLC**, was the owner of a certain motor vehicle with license plate number AP825X, as issued by the State of New Jersey.

12. On or about December 2, 2021, the Defendant, **DURO TRUCKING LLC**, was the lessee of a certain motor vehicle with license plate number AP825X, as issued by the State of New Jersey.

13. On or about December 2, 2021, the Defendant, **DURO TRUCKING LLC**, was the lessor of a certain motor vehicle with license plate number AP825X, as issued by the State of New Jersey.

14. On or about December 2, 2021, the Defendant, **DURO TRUCKING LLC,** was the operator of a certain motor vehicle with license plate number AP825X, as issued by the State of New Jersey.

15. On or about December 2, 2021, the Defendant, **DURO TRUCKING LLC,** maintained a certain motor vehicle with license plate number AP825X, as issued by the State of New Jersey.

16. On or about December 2, 2021, the Defendant, **DURO TRUCKING LLC,** controlled a certain motor vehicle with license plate number AP825X, as issued by the State of New Jersey.

17. On or about December 2, 2021, the Defendant, **DURO TRUCKING LLC,** operated, maintained and controlled a certain motor vehicle with license plate AP825X, as issued by the State of New Jersey.

18. On or about December 2, 2021, the Defendant, **DURO TRUCKING LLC,** operated, maintained and/or controlled a certain motor vehicle with license plate number AP825X, as issued by the State of New Jersey, with the knowledge, permission and consent of its owner.

19. On or about December 2, 2021, the Defendant, **DURO TRUCKING LLC,** operated, maintained and/or controlled a certain motor vehicle with license plate number AP825X, as issued by the State of New Jersey, with the knowledge, permission and consent of its owner, **ELWYS CHAVARRIA-PALOMINO.**

20. On or about December 2, 2021, the Defendant, **ELWYS CHAVARRIA-PALOMINO,** was the owner of a certain motor vehicle with license plate number AP825X, as issued by the State of New Jersey.

FILED: KINGS COUNTY CLERK 05/13/2022 03:00 PM
NYSCEF DOC. NO. 1

INDEX NO. 514087/2022
RECEIVED NYSCEF: 05/13/2022

21. On or about December 2, 2021, the Defendant, **ELWYS CHAVARRIA-PALOMINO**, was the lessee of a certain motor vehicle with license plate number AP825X, as issued by the State of New Jersey.

22. On or about December 2, 2021, the Defendant, **ELWYS CHAVARRIA-PALOMINO**, was the lessor of a certain motor vehicle with license plate number AP825X, as issued by the State of New Jersey.

23. On or about December 2, 2021, the Defendant, **ELWYS CHAVARRIA-PALOMINO**, was the operator of a certain motor vehicle with license plate number AP825X, as issued by the State of New Jersey.

24. On or about December 2, 2021, the Defendant, **ELWYS CHAVARRIA-PALOMINO**, maintained a certain motor vehicle with license plate number AP825X, as issued by the State of New Jersey.

25. On or about December 2, 2021, the Defendant, **ELWYS CHAVARRIA-PALOMINO**, controlled a certain motor vehicle with license plate number AP825X, as issued by the State of New Jersey.

26. On or about December 2, 2021, the Defendant, **ELWYS CHAVARRIA-PALOMINO**, operated, maintained and controlled a certain motor vehicle with license plate AP825X, as issued by the State of New Jersey.

27. On or about December 2, 2021, the Defendant, **ELWYS CHAVARRIA-PALOMINO**, operated, maintained and/or controlled a certain motor vehicle with license plate number AP825X, as issued by the State of New Jersey, with the knowledge, permission and consent of its owner.

FILED: KINGS COUNTY CLERK 05/13/2022 03:00 PM
NYSCEF DOC. NO. 1

INDEX NO. 514087/2022
RECEIVED NYSCEF: 05/13/2022

28. On or about December 2, 2021, the Defendant, **ELWYS CHAVARRIA-PALOMINO**, operated, maintained and/or controlled a certain motor vehicle with license plate number AP825X, as issued by the State of New Jersey, with the knowledge, permission and consent of its owner, **DURO TRUCKING LLC**

29. On or about December 2, 2021, the Defendant, **ELWYS CHAVARRIA-PALOMINO**, was employed by Defendant, **DURO TRUCKING LLC**.

30. On or about December 2, 2021, the Defendant, **ELWYS CHAVARRIA-PALOMINO**, operated, maintained and/or controlled a certain motor vehicle with license plate number AP825X, as issued by the State of New Jersey, with the knowledge, permission and consent of its owner, **DURO TRUCKING LLC**, within the scope of his employment.

31. That at all times herein mentioned, the roadway known as South Conduit Avenue, at or near Linden Boulevard, in the County of Queens, City and State Of New York, was and still is a public roadway used extensively by the public in general.

32. That on December 2, 2021, the Plaintiff, **LORENZO ROGUCKI**, was operating a certain motor vehicle bearing license plate number NBY2613, as issued by the State of New York, at the aforesaid location.

33. On or about December 2, 2021, at the aforesaid location, the aforesaid motor vehicles came into contact with each other.

34. That the aforesaid accident and injuries resulting therefrom were due solely and wholly as the result of the careless and negligent manner in which the Defendant(s) owned, operated, maintained and/or controlled their motor vehicle, without Plaintiff(s) contributing in any way thereto.

FILED: KINGS COUNTY CLERK 05/13/2022 03:00 PM
NYSCEF DOC. NO. 1

INDEX NO. 514087/2022
RECEIVED NYSCEF: 05/13/2022

35. That by reason of the foregoing and the negligence of the Defendant(s), the Plaintiff, **LORENZO ROGUCKI**, was severely injured, bruised and wounded, suffered, still suffers and will continue to suffer for some time physical pain and bodily injuries and became sick, sore, lame and disabled and so remained for a considerable length of time.

36. That by reason of the foregoing, the Plaintiff, **LORENZO ROGUCKI**, was compelled to and did necessarily require medical aid and attention and did necessarily pay and become liable therefor for medicines and upon information and belief, the Plaintiff, **LORENZO ROGUCKI**, will necessarily incur similar expenses.

37. That by reason of the foregoing, the Plaintiff **LORENZO ROGUCKI**, has been unable to attend to his usual occupation in the manner required.

38. That by reason of the wrongful, negligent and unlawful actions of the defendants, as aforesaid, the Plaintiff(s), **LORENZO ROGUCKI,** sustained serious injuries as defined in Section 5102(d) of the Insurance Law of the State of New York, and have sustained economic loss greater than basic economic loss as defined in Section 5102 of the said Insurance Law.

39. That one or more of the provisions of §1602 of the Civil Practice Law and Rules do apply to the within action.

40. That pursuant to CPLR Section 1602(2) (iv), Defendants are jointly and severally liable for all of Plaintiff's damages, including but not limited to Plaintiff's non-economic loss, irrespective of the provisions of the CPLR Section 1601, by reason of the fact that Defendants owed Plaintiff a non-delegable duty of care.

41. That pursuant to CPLR Section 1602(7) Defendants are jointly and severally liable for all of Plaintiff's damages, including but not limited to Plaintiff's non-economic loss,

irrespective of the provisions of the CPLR Section 1601, by reason of the fact that Defendants acted with reckless disregard for the safety of others.

42. That pursuant to CPLR Section 1602(6), Defendants are jointly and severally liable for all of Plaintiff's damages, including but not limited to Plaintiff's non-economic loss, irrespective of the provisions of the CPLR Section 1601, by reason of the fact that Defendants should be held liable by reason of Defendants use, ownership or operation of a motor vehicle.

43. That pursuant to CPLR Section 1602(2) (iv), the Defendant owner is jointly and severally liable for all of Plaintiff's damages, including but not limited to Plaintiff's non-economic loss, irrespective of the provisions of the CPLR Section 1601, by reason of the fact that said is vicariously liable for the negligent acts and omissions of the defendant operator of said vehicle.

44. That by reason of the foregoing, the Plaintiff(s), **LORENZO ROGUCKI,** were damaged in an amount which exceeds the monetary jurisdictional limits of any and all lower Courts which would otherwise have jurisdiction herein, in an amount to be determined upon trial of this action.

45. That by reason of the foregoing, the Plaintiff(s), **LORENZO ROGUCKI,** were damaged in an amount exceeding seventy-five thousand dollars.

FILED: KINGS COUNTY CLERK 05/13/2022 03:00 PM
NYSCEF DOC. NO. 1

INDEX NO. 514087/2022
RECEIVED NYSCEF: 05/13/2022

**WHEREFORE**, Plaintiffs demand that the following judgments in favor of the Plaintiff, **LORENZO ROGUCKI**, awarding damages against the defendants for an amount which exceeds the jurisdictional limits of all other Courts which would otherwise have jurisdiction herein, in an amount to be determined upon trial of this action, together with costs and disbursements of this action, and with interest from the date of the accident.

Dated: New York, New York
May 13, 2022

**LIAKAS LAW, P.C.**

/s/
_____

BY: Dean N. Liakas, ESQ.
*Attorney for Plaintiff*
65 Broadway, 13th Floor
New York, New York 10006
(212) 937-7765

FILED: KINGS COUNTY CLERK 05/13/2022 03:00 PM
NYSCEF DOC. NO. 1

INDEX NO. 514087/2022
RECEIVED NYSCEF: 05/13/2022

STATE OF NEW YORK )
) ss
COUNTY OF NEW YORK )

I, the undersigned, an attorney admitted to practice in the courts of New York State, state under penalty of perjury that I am one of the attorneys for the plaintiff in the within action; I have read the foregoing **SUMMONS AND VERIFIED COMPLAINT** and know the contents thereof; the same is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe to be true. The reason this verification is made by me and not by my client, is that my client is not presently in the County where I maintain my offices. The grounds of my belief as to all matters not stated upon my own knowledge are the materials in my file and the investigations conducted by my office.

Dated: New York, New York
    May 13, 2022

LIAKAS LAW, P.C.

/s/

BY: Dean N. Liakas, ESQ.
*Attorney for Plaintiff*
65 Broadway, 13th Floor
New York, New York 10006
(212) 937-7765

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

---

**LORENZO ROGUCKI,**

                              Plaintiff(s),

                     -against-

**DURO TRUCKING LLC and ELWYS CHAVARRIA-PALOMINO,**

                              Defendant(s),

---

LIAKAS LAW, P.C.
65 Broadway, 13th Floor
New York, New York 10006
212.937.7765

---

**SUMMONS AND VERIFIED COMPLAINT**

---

STATE OF NEW YORK, COUNTY OF NEW YORK, SS:

    DEAN N. LIAKAS, the undersigned, an attorney admitted to practice in the Courts of New York State, affirms the following:

    I further certify that my signature below acts as a "certification" for the documents attached hereto, in compliance with section 130-1.1-a of the Rules of the Chief Administrator (22 NYCRR).

Dated: New York, New York
         May 13, 2022                                                    /s/

                                                                     Dean N. Liakas, Esq.

---

PLEASE TAKE NOTICE

( )    that the within is a (certified) true copy of a Notice of entered in the Office of the clerk of the within Entry named Court on

( )    that an Order of which the within is a true copy will be presented for Notice of settlement to the Hon. one of the Judges of the Settlement within named Court, on at